UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Ruslan Joshoyan,

    Plaintiff,

v.

M/V NORDIC LIGHT (IMO: 9436446),
 its engines, tackle and apparel,

    Defendant *in rem*.

CIVIL ACTION NO. 2:25-cv-338

IN ADMIRALTY

# FIRST AMENDED VERIFIED COMPLAINT
## FOR PERSONAL INJURY AND ARREST OF VESSEL

Plaintiff Ruslan Joshoyan, a foreign seaman sues the Defendant vessel M/V NORDIC LIGHT (IMO: 9436446), its engines, tackle and apparel ("Vessel"), *in rem* as follows:

## I. PARTIES

1. Plaintiff is a citizen and resident of the country of Georgia and at all times relevant to this action was employed as and served as an Ordinary Seaman aboard the Vessel.

2. The Vessel is a crude oil tanker of Marshall Islands flag and registration which is currently or will be located within the jurisdiction of this Court.

## II. JURISDICTION AND VENUE

3. This is a case of admiralty and maritime jurisdiction brought pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333, and general maritime law, and further pursuant to 28 U.S.C. § 1916 providing that "[i]n all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor."

4. Plaintiff seeks the arrest of the Vessel pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Vessel is located, or will be located, within the jurisdiction of the Southern District of Texas, Corpus Christi Division, and because the Vessel's presence within this District subjects it to arrest.

### III. FACTS

6. On or about August 4, 2023, Plaintiff was employed as an able bodied seafarer ("AB") aboard the Vessel.

7. On about August 4, 2023 plaintiff was participating in the mooring operations aboard the Vessel at Trieste, Italy.  The Boatswain of the Vessel ordered Plaintiff to stay with the Boatswain at the mooring place.  The Vessel's Third Officer was holding the mooring line, which was not fixed at the Vessel's bollard.  The Third Officer let go of the line and the line hit the Plaintiff's left knee.  About ten hours later, the Plaintiff was taken by ambulance to a nearby hospital.

8. The Plaintiff was operated on in Italy, but continues to experience pain, disability and discomfort from the injury aboard and in the service of the Vessel.

9. As set out above, on the date in question, Plaintiff was ordered to perform tasks under unsafe and hazardous conditions, including being exposed to hazardous working conditions.

10. As a direct and proximate result of the unseaworthiness of the Vessel and the negligence of its Owners, Operators or Charterers, Plaintiff suffered serious and permanent injuries to his left knee.   Plaintiff has incurred and will continue to incur medical expenses, loss of wages, loss of future earning capacity, physical pain, and mental anguish.

### IV. CAUSES OF ACTION

A. **Negligence Under the Non-Statutory General Maritime Law of the United States, through the Marshall Islands Maritime Act, or Italian Law, Right of Arrest *In Rem***

11. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

12. The Marshall Islands Maritime Act provides as follows:

§ 113. Adoption of American general maritime law.

Insofar as it does not conflict with any other provisions of this Title or any other law of the Republic, the non-statutory general maritime law of the United States of America is hereby declared to be and is hereby adopted as the general maritime law of the Republic. [P.L. 1990-92, § 14.]

Under U.S. non-statutory general maritime law, Plaintiff holds a maritime lien *in rem* against the Vessel.

13. The accident leading to Plaintiff's injury occurred in Trieste, Italy. To the extent Italian law might also apply, Italy is party to the International Convention for the Unification of Certain Rules of Law Related to Maritime Liens and Mortgages (1926), which provides (Article 2) that "[t]he following give rise to maritime liens on a vessel: . . . indemnities for personal injury to . . . crew . . .."

14. The Vessel Owner, Operator or Charterer was negligent in one or more of the following respects: Failing to provide a safe place to work; Failing to properly maintain the Vessel and its equipment; Failing to provide adequate safety protocols, training, or supervision; Other acts of negligence to be shown at trial.

15. As a result of that negligence, Plaintiff sustained serious injuries and damages as set forth herein and holds a maritime lien *in rem* against the Vessel.

B. **Unseaworthiness**

16. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

17. The Vessel was unseaworthy in that it was not reasonably fit for its intended purpose, lacked proper equipment, and/or was improperly maintained including being crewed by

one or more improperly trained personnel or by personnel who did not comply with training. As a result, Plaintiff sustained the injuries and damages described herein.

## V. ARREST OF THE VESSEL

18. Plaintiff respectfully requests that this Court issue a warrant for the arrest of the Vessel, *in rem*, pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims. The Vessel is currently or will soon be located within this District.

19. The arrest of the Vessel is necessary to secure Plaintiff's claims for damages, including but not limited to personal injury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant judgment in his favor and against the Defendant Vessel, as follows:

A. For the issuance of a warrant for the arrest of the Vessel, *in rem*;

B. For judgment against Defendant Vessel, *in rem* in an amount sufficient to compensate Plaintiff for all damages, including but not limited to physical pain, mental anguish, lost wages, loss of earning capacity, medical expenses, and other compensatory damages, that judgment for at least Five Hundred Thousand United States Dollars ($500,000);

C. For costs of court, pre-judgment and post-judgment interest, and any other relief to which Plaintiff may be entitled.

### Fed. R. Civ. P. 44.1 Notice

Plaintiff in this action intends to rely on and prove the law of the Republic of Marshall Islands and alternatively the law of Italy, both of which provide for a maritime lien in rem upon which Plaintiff may execute for arrest of the Vessel, consequent to Plaintiff's injuries.

Dated: December 19, 2025.

| | |
|---|---|
| HERD LAW FIRM, PLLC<br><br>By: /s/ Charles F. Herd<br>Charles F. Herd<br>Fed ID 2793 \| TBA # 09504480<br>19500 Tomball Parkway \| Suite 250<br>Houston, Texas 77070<br>713.955.3699 (Tel.)<br>281.462.5180 (Fax)<br>charles.herd@herdlawfirm.com | /s/ J. Stephen Simms<br>J. Stephen Simms (*pro hac vice* pending)<br>Simms Showers LLP<br>201 International Circle<br>Baltimore, Maryland 21030<br>443-290-8704<br>410-510-1789 fax<br>jssimms@simmsshowers.com<br><br>BRUNKENHOEFER, P.C.<br>500 N. Shoreline Blvd., Suite 1100<br>Corpus Christi, Texas 78401-0354<br>Tel: (361) 888-6655<br>Fax: (361) 888-5855<br><br>/s/ Blake Brunkenhoefer<br>Blake Brunkenhoefer<br>State Bar No. 00783739<br>S. Dist. of Texas I.D. No. 15559<br>Email: bbrunk@brunklaw.com<br>E-service address: efile@brunklaw.com<br>*E-service is only accepted at the above-designated<br>e-service email address. |

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff. The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Plaintiff is not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

>Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.
>
>Executed on December 19, 2025
>/s/ J. Stephen Simms
>J. Stephen Simms